UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 13CR10066- (BoaL) |
| ) | |
| CARLOS M. CRUZ DIAZ ) | Violations: |
| ) | 18 U.S.C. §664 |
| Defendant. ) | Theft from Employee Pension Fund |
| ) | 18 U.S.C. § 981(a)(1)(C) and |
| ) | 28 U.S.C. § 2461(c) |
| ) | Criminal Forfeiture |

**INDICTMENT**

The Grand Jury charges that:

1. At times relevant to this Indictment, Defendant Carlos M. Cruz Diaz ("CRUZ DIAZ") was an individual residing in Medford, Massachusetts, employed by the Service Employees International Union ("SEIU") Local 615 in Boston, Massachusetts.

2. CRUZ DIAZ's employment responsibilities included coordination of the benefits process for all participants in SEIU Local 615's pension fund, the Massachusetts Service Employees' Pension Fund (the "Pension Fund"), from the application process through receipt of payments.

3. The Pension Fund is administered pursuant to an employee pension benefit plan subject to the provisions of the Employee Retirement Income Security Act of 1974.

4. Beginning on or before August 1, 2010 and continuing through October 31, 2012, CRUZ DIAZ stole approximately $80,000 from the Pension Fund by secretly causing monies belonging to the fund and to fund beneficiaries to be electronically transferred to bank accounts

that he controlled. After making the electronic transfers into bank accounts that he controlled, CRUZ DIAZ used the monies for his own purposes.

5.      In some instances, CRUZ DIAZ stole pension payments which were legitimately owed to vested fund participants. In other instances, CRUZ DIAZ created names of fictitious fund participants and used names of actual participants who were not otherwise owed payments in order to steal monies from the Pension Fund.

## COUNTS ONE THROUGH FIVE

### (Theft from an Employee Pension Fund - 18 U.S.C. §664)

On or about the following dates, in the District of Massachusetts and elsewhere,

**CARLOS M. CRUZ DIAZ,**

defendant herein, did embezzle, steal and unlawfully and willfully abstract and convert to his own use, in the approximate amounts set forth below, moneys, funds, securities, premiums, credits, property and other assets of a fund connected with an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974, namely the Massachusetts Service Employee's Pension Fund:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 1 | 8/16/10 | $2,375.00 electronically transferred to SunTrust Account No. xxxxxxxx7824 |
| 2 | 12/1/10 | $573.00 electronically transferred to SunTrust Account No. xxxxxxxx2646 |
| 3 | 6/1/11 | $5,764.00 electronically transferred to SunTrust Account No. xxxxxxxx2646 |
| 4 | 10/3/11 | $2,541.00 electronically transferred to Citizens' Account No. xxxxxx5670 |
| 5 | 2/13/12 | $1,791.00 electronically transferred to SunTrust Account No. xxxxxxxx7824 |

All in violation of Title 18, United States Code, Sections 664 and 2.

## FORFEITURE ALLEGATIONS
## (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

1.  Upon conviction of one or more of the offenses charged in Counts One through Five, the defendant,

**CARLOS M. CRUZ DIAZ,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

2.  If any of the property described in paragraph 1 hereof as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred to, sold to, or deposited with a third party;

    c.  has been placed beyond the jurisdiction of this Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Lori J. Holik
Assistant U.S. Attorney


DISTRICT OF MASSACHUSETTS          March    , 2013

Returned into the District Court by a Foreperson of the Grand Jury and filed.

_____
Deputy Clerk    3/14/2013
                11:00 AM